**SO ORDERED.**

**SIGNED this 03rd day of April, 2012.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| IN RE: | BANKR. CASE NO. |
|---|---|
| RICHARD B. COLVIN | 11-51241-C |
| *DEBTOR* | CHAPTER 12 |

**MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

On March 1, 2012, the Debtor filed a Motion for Summary Judgment with respect to the Debtor's objection to a proof of claim filed by a creditor in the case, Rountree Gravel Co. The Debtor asserts that Rountree's proof of claim fails to include sufficient supporting materials as required by Rule 3001 of the Federal Rules of Bankruptcy Procedure, such that the proof of

1

claim fails as a matter of law. Thus, claims the Debtor, summary judgment is warranted.

The Debtor filed this Chapter 12 case on April 4, 2011. May 5, 2011 was the first date set for the § 341 meeting of creditors. Rountree filed its original proof of claim (Claim No. 16) on July 29, 2011 and an amended proof of claim on August 3, 2011, just within the 90 day time limit for filing proofs of claim, per Bankruptcy Rule 3002(c). The Debtor filed his objection to Rountree's amended proof of claim on September 20, 2011. On December 7, 2011, Rountree filed a second amended proof of claim. This amendment attached, for the first time, a supporting document consisting of a snapshot of a portion of the Debtor's Schedule A listing certain riverfront property, and a statement that the Debtor sold this property to Rountree pursuant to a contract executed by the Debtor in 2009.

### *Discussion*

The Debtor argues that Rountree's second amended proof of claim (filed after the Debtor objected to Rountree's amended proof of claim, and after the expiration of the 90 day filing deadline) should be stricken because the Debtor failed to seek leave to amend its proof of claim pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure. The predicate question is whether Rule 7015 even applies to the amendment of proofs of claim. The issue was thoroughly addressed by the Bankruptcy Court for the Southern District of Texas in *In re Gilbreath*, 409 B.R. 84, 125 (Bankr. S.D. Tex. 2009). Said that court:

> Generally, a creditor may freely amend its proofs of claim before they are successfully objected to by the debtor. *See, e.g., First Nat'l Bank of Mobile v. Everhart (In re Commonwealth Corp.)*, 617 F.2d 415, 422 n. 12 (5th Cir. 1980) (noting that "amendment of claims in bankruptcy is liberally allowed" within statutory limits). However, once the debtor objects to a proof of claim, it becomes a "contested matter" under Bankruptcy Rule 9014. *See In re Cloud*, 214 F.3d 1350, 2000 WL 634637, at *2 (5th Cir. 2000) (unpublished); *see also* Fed. R. Bankr. P. 3007, advisory committee's note ("The contested matter initiated by an objection to a claim is governed by rule 9014 . . . ."); Fed. R. Bankr. P. 9014, advisory committee's note ("[T]he filing of an objection to a proof of claim . . . creates a dispute which is a contested matter . . . ."). Further, Bankruptcy Rule

2

>9014 makes applicable certain procedural rules contained in Part VII of the Bankruptcy Rules, and allows the court to "at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Fed. R. Bankr. P. 9014(c). Bankruptcy Rule 7015 makes Federal Rule of Civil Procedure 15 (Rule 15), governing amendments, applicable in adversary proceedings. Taken together, Bankruptcy Rules 9014 and 7015 make Rule 15 applicable in contested matters at the Court's election.
>
>Further, most bankruptcy courts have recognized that "[t]he trend of the cases appear to apply Rule 7015 to contested matters." …
>
>Rule 15 requires claimants to obtain "the opposing party's written consent or the court's leave" to amend their claim after being served with a response (here, a written objection). Fed. R. Civ. P. 15(a)(2). It is therefore within this Court's power and discretion to refuse to consider the materials submitted by [the creditor] [after the debtor filed its objection to the proof of claim] in support of claim 11, 12, 13, 14, and 18, which were filed without the Court's leave or the Debtors' consent after the Debtors lodged their claim objections.

*In re Gilbreath*, 409 B.R. 84, 118-20 (Bankr. S.D. Tex. 2009). Under the facts of this case, the rule announced in *Gilbreath* is appropriately applied: the claimant amended its proof of claim *after* an objection to the claim had been filed, and filed the amended claim without advance leave of court.

While parties generally ask for leave to amend under Rule 7015, courts may grant such leave *sua sponte*. *See Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004) (stating that "the Court may *sua sponte* grant leave to amend" under Rule 15(a)); *Peterson v. Hofmann (In re Delta Phones, Inc.)*, 2005 Bankr. LEXIS 2550, at *29 (Bankr. N.D. Ill. Dec. 23, 2005) ("Rule 15(a) says only that a party needs 'leave of court' to amend once the time to amend as a matter of course has passed. The Rule says nothing about asking for leave. Parties typically do ask, and leave can be denied if they do not, but a court need not stand on formalities. To further the policy of Rule 15(a), a court can grant leave to amend 'on its own initiative.'") (internal citation omitted).

Here, granting leave to Rountree to file its second amended proof of claim is appropriate under the standards of Rule 7015 and the court's equitable powers under section 105. *See id*.

3

(noting that "[e]ven if Bankruptcy Rule 7015 is reserved solely for adversarial proceedings, a number of courts have determined that proof of claim amendments are subject to the court's equitable powers under 11 U.S.C. § 105(a)"); *United States v. Johnston*, 267 B.R. 717, 721 (N.D. Tex. 2001) (same). The second amended proof of claim relates back to Rountree's timely filed proof of claim. Furthermore, the Debtor will not be prejudiced by permitting the filing of Rountree's second amended proof of claim as Rountree's proof of claim is essentially a placeholder for a counterclaim recently filed by Rountree in an ongoing adversary proceeding initiated by the Debtor against Rountree in November, 2011 (Adversary No. 11-05169).

This still leaves the question of the sufficiency and validity of Rountree's second amended proof of claim. The Debtor argues that summary judgment on its objection to Rountree's proof of claim is appropriate due to Rountree's failure to comply with the requirements of Rule 3001 regarding supporting documentation. Bankruptcy Rule 3001 states that "[a] proof of claim shall conform substantially to the appropriate Official Form." FED. R. BANKR. P. 3001(a). Paragraph 7 of Official Form (B10) requires a claimant to "attach copies of supporting documents, such as promissory notes, purchase orders, invoices," etc. to a proof of claim. Additionally,

> Bankruptcy Rule 3001(c) provides that when a claim is based on a writing … 'the original or duplicate shall be filed with the proof of claim,' and '[i]f the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.' Fed. R. Bankr. P. 3001(c). This language could not be more clear-- creditors must attach documents giving rise to a claim (or copies of such documents) to their proof of claim or explain why they have not. *See also In re Hight*, 393 B.R. 484, 2008 WL 3539802, at *5 n.7 (Bankr. S.D. Tex. 2008) (determining that a creditor that failed to attach any supporting documentation to support its claims violated Bankruptcy Rule 3001(c)).

*In re Gilbreath*, 409 B.R. at 114-115.

Here, Rountree's claim seems to be based on a real estate contract, but that contract is not

4

attached to Rountree's proof of claim. Thus, facially at least, the amended proof of claim is still deficient with respect to the requirements of Rule 3001. *See Gilbreath, supra.*

The fact that Rountree's proof of claim may be facially deficient under Rule 3001, however, does not necessarily mean that the proper remedy is to grant summary judgment in favor of the Debtor. In *In re Davis*, the bankruptcy court for the Eastern District of Texas addressed objections to proofs of claim based solely on the argument that the proof of claim contained insufficient documentation under Rule 3001, and the effect of sustaining such an objection. 2011 Bankr. LEXIS 1323, at *23-24 (Bankr. E.D. Tex. Mar. 31, 2011). Said the court:

> In a legal brief in support of her claim objections, the debtor urges this Court to conclude that § 502(b) does not set forth the exclusive grounds for disallowance of a claim. The debtor quotes extensively from *In re Gilbreath*, 395 B.R. 356 (Bankr. S.D. Tex. 2008), arguing that "[p]roofs of claim that are not *prima facie* valid are not automatically deemed allowed." This argument misreads *Gilbreath* and misses the point in this case. [footnote 9 then states: In *Gilbreath*, the claimant filed several claims without attaching supporting documentation. Unlike this case, the debtor in *Gilbreath* denied owing any debt to the claimant — thereby raising a § 502(b) objection to the allowance of the claims. The court set a hearing on the debtor's objections and then continued the hearing. The claimant sought to attach documentation to its claims on the eve of the continued hearing. The bankruptcy court determined that "[c]reditors should not be permitted to file woefully deficient proofs of claim in hopes that the debtor will not object, but then, when the debtor does object, to file amendments at the eleventh hour and rely on those amendments at the hearing. This is one of the reasons Rule 15 was enacted — to prevent undue prejudice and surprise to litigants and to permit opposing parties time to prepare for trial." *In re Gilbreath*, 395 B.R. at 367 (citing *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002).]. As the bankruptcy court explained in *Gilbreath*, "[a]lthough incomplete or insufficient proofs of claim are not *prima facie* valid, they are not automatically disallowed." *Id*. at 364 (citation omitted). Rather, the insufficiency affects the burdens of proof and production once the debtor objects to the claim. In this case, however, the debtor asserts no objection to the disputed claims other than the lack of documentation, i.e., their insufficiency.

*In re Davis*, 2011 Bankr. LEXIS 1323, at *23-24 (Bankr. E.D. Tex. Mar. 31, 2011). Ultimately, the court found that "[i]n response to a non-substantive objection, the Court should allow a claim

5

so long as the claim contains sufficient information for an objecting party to discern its basis." *Id.* at *29-30.

Here, the insufficiency of Rountree's supporting documentation means that Rountree's proof of claim has lost *prima facie* validity. *See Jacobsen v. Sramek*, 2009 U.S. Dist. LEXIS 47364, at *8 (E.D. Tex. 2009). ("If, however, the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, e.g., by failing to attach sufficient documentation to comply with FED.R.BANKR.P. 3001(c), the claim is not automatically disallowed; rather, it is merely deprived of any *prima facie* validity which it could otherwise have obtained."); *In re Gilbreath*, 409 B.R. at 116-117 (same). Accordingly, the burden has now shifted to Rountree to prove the validity of its claim by a preponderance of the evidence. *Gilbreath*, 409 B.R. at 116-17, 125. However, Rountree is entitled to its day in court to attempt to sustain its burden of proof. The standard for granting a summary judgment is that there be *no* issue of material fact remaining to be decided, and that the matter can be resolved at this stage as a matter of law. That cannot be said with respect to this proof of claim. All that can be said is that the claim no longer enjoys its presumption of validity. Summary judgment is thus not appropriate.

For the reasons stated, the court DENIES Debtor's Motion for Summary Judgment [Docket No. 173].

####